# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BAKARR BANGURA,<br>                    Appellant, | DOCKET NUMBER<br>PH-0752-15-0203-I-1 |
| v. | |
| SOCIAL SECURITY<br>     ADMINISTRATION,<br>                    Agency. | DATE: July 8, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Bakarr Bangura</u>, Windsor Mill, Maryland, pro se.

<u>Ellen Rothschild</u>, Baltimore, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2	Effective May 18, 2014, the agency appointed the appellant to an excepted service position as a Legal Administrative Specialist with its Office of Central Operations.  Initial Appeal File (IAF), Tab 1; *see* IAF, Tab 6 at 32-33.  Before his appointment, the agency informed the appellant that he must initially serve a 2-year trial period during which he may be separated at any time for poor performance or misconduct.  IAF, Tab 1 at 17; *see* IAF, Tab 6 at 32.  On January 9, 2015, the agency terminated the appellant for unacceptable performance.  IAF, Tab 1 at 28-29.

¶3	The appellant filed a timely appeal.  IAF, Tab 1.  The administrative judge gave the appellant comprehensive notice of the elements and burdens he must meet to be entitled to a jurisdictional hearing on his claim.  IAF, Tabs 2, 4.  After considering the parties' subsequent submissions, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make the requisite nonfrivolous allegation that he was an employee with appeal rights to the Board.  IAF, Tab 7, Initial Decision.

¶4	The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems*

---

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Only an "employee" as defined under 5 U.S.C. chapter 75, subchapter II, may appeal to the Board from an adverse action such as a removal.  *E.g.*, *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d).  A nonpreference-eligible individual, like the appellant, in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if he:  (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C)(i)-(ii).

¶5      Because the appellant cannot meet this test, we find that the Board lacks jurisdiction over his appeal.  Moreover, because the agency terminated the appellant for post-appointment reasons, he is not entitled to the procedures set forth at 5 C.F.R. § 315.805.  *See* 5 C.F.R. § 315.806(c).  Lastly, in the absence of an otherwise appealable action, the Board lacks jurisdiction over the appellant's disability discrimination claim.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.